# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Ricardo Jimenez, Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, hereinafter referred to as ATF, being duly sworn, depose and state as follows:

## INTRODUCTION

1. I am employed as a Special Agent (SA) by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), United States Department of Justice, and have been employed since May 2014. I am currently assigned to the Violent Crime Group in the Puerto Rico (PR) Field Office. Prior to my employment with ATF, I was a Police Officer with the Tulsa, OK Police Department (TPD) for three years. I attended the Federal Law Enforcement Training Center in Glynco, Georgia, where I graduated from the Criminal Investigators' Training Program (CITP). Upon completing CITP, I attended the ATF National Academy, where I received instruction in the recognition, identification, and prosecution of federal firearms laws and violations.

2. During my tenure with ATF and TPD, I have been involved in, and am familiar with, numerous investigations involving firearms, narcotics, arson, and federal violations of contraband cigarette laws. I have specialized training and/or experience in the area of illegal firearms manufacturing, sales, and use, high-level drug enforcement, street-level drug enforcement, narcotics, and firearms smuggling and distribution, gangs, Drug Trafficking Organizations, undercover operations, surveillance and debriefing informants and suspects.

3. In addition, I have had conversations and worked alongside other experienced local, state, and federal law enforcement officers, as well as state and federal prosecuting attorneys, concerning violations of firearms and narcotics laws.

4.     Your affiant is an "an investigative or law enforcement officer of the United States" within the meaning of Title 18 *United States Code* of Section 2510 (7). Your affiant is, therefore, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, the offenses enumerated in Title 18, *United States Code* Section 2516.

5.     The details and information stated herein are a compilation of facts and events investigated by me and other Law Enforcement Officers, who investigated and confirmed their veracity or oversaw their development. I have drafted this affidavit for the limited purpose of establishing probable cause that Roberto Gabriel GARCIA-NEGRON violated 18 U.S.C. § 922(o) – Knowing Possession of a machinegun. Therefore, I have not included all the facts of this investigation.

## FACTS IN SUPPORT OF PROBABLE CAUSE

6.     On July 7, 2025, the Puerto Rico Police Bureau (PRPB) Caguas Narcotics Unit received a confidential tip that an individual residing at the structure on B-30 Florencio Romero Saro Street in Caguas, Puerto Rico, was keeping firearms, altering firearms, and had controlled substances at the residence. The individual was identified as a white male with a beard and tattoos on his arms.

7.     On July 8, 2025, Agent (Agt.) Perez with the PRPB Caguas Narcotics Unit physically located the dwelling with the characters "B-30" at Florencio Romero Saro Street.

8.     On July 9, 2025, Agt. Perez conducted a surveillance operation in the area of B-30 Florencio Romero Saro Street and observed an individual matching the description provided in the confidential tip, and later identified as GARCIA-NEGRON, walking out of the residence's front door and closing the door behind him. GARCIA-NEGRON briefly lifted his shirt, and Agt. Perez observed a brown pistol with an extended magazine on GARCIA-NEGRON's front waistband.

2

9. On July 10, 2025, Agt. Perez conducted a surveillance operation in the area of B-30 Florencio Romero Saro Street and observed GARCIA-NEGRON exiting the residence and retrieving from a black Toyota Venza, bearing Puerto Rico license plate number HUR-950, a black duffel bag with what appeared to be the barrel of a rifle protruding from the duffel bag, GARCIA-NEGRON entered the residence with the black duffle bag.

10. On July 14, 2025, Agt. Perez conducted a surveillance operation in the area of B-30 Florencio Romero Saro Street and observed the same black Toyota Venza, bearing Puerto Rico license plate number HUR-950, arriving at the residence. Agt. Perez observed GARCIA-NEGRON exiting the vehicle, carrying with his right hand a brown pistol with an extended magazine, then placing the pistol in the area of his front waistband, and then concealing the pistol with his shirt.

11. On July 15, 2025, Agt. Perez obtained a search warrant for B-30 Florencio Romero Saro Street in Caguas, Puerto Rico.

12. On July 16, 2025, PRPB Caguas Narcotics Unit executed the aforementioned search warrant. Agt. Perez positioned himself in the rear perimeter of the residence. After the police knocked and announced their presence, GARCIA-NEGRON opened the rear door wearing only boxers and carrying one beige bag and a black fanny pack. Agt. Perez identified himself as a police officer and gave lawful commands to GARCIA-NEGRON, who complied. PRPB agents later discovered one Glock pistol modified to operate as a machinegun inside each bag.

13. After the scene was secured, a PRPB Narcotics Detection K-9 and a PRPB Firearms Detection K-9 were deployed at the residence. Both K-9s alerted to the presence of narcotics and firearms in GARCIA-NEGRON's bedroom.

14.     PRPB agents continued the search of GARCIA-NEGRON's residence, which is described as a one-bedroom dwelling with the rear door adjacent to the bedroom. In total, as a result of the search, PRPB agents recovered the following items:

- **One (1) brown Glock, model 19X, 9mm Luger caliber machinegun, bearing serial number BRBT617, and with a visible Machinegun Conversion Device [1]** (commonly referred to as a "Glock Switch") installed in the rear of the slide.

- **One (1) black Glock, model 23Gen5, .40 S&W caliber machinegun, bearing serial number CABY130, and with a visible Machinegun Conversion Device** installed in the rear of the slide.

- **One (1) black Glock, model 19Gen5, 9mm Luger caliber machinegun, bearing serial number BGUV943, and with a visible Machinegun Conversion Device** installed in the rear of the slide.

- Two (2) black AR-15-type Privately Made Firearm (PMF) bearing no serial number or manufacturer's markings;

- **Approximately 18 Machinegun Conversion Devices (MCDs) individually packaged in small red plastic baggies for distribution;**

- One (1) clear plastic bag containing multiple empty small red plastic baggies;

- Approximately 168 rounds of 9mm Luger caliber ammunition;

- Approximately 111 rounds of .40 S&W caliber ammunition;

---

[1] A machinegun is defined, in pertinent part, as "any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun." The Gun Control Act, 18 U.S.C. § 922(o), prohibits the transfer or possession of a machinegun manufactured after May 19, 1986. Thus, each MCD is a machinegun.

4

- Approximately 76 rounds of .223 Remington caliber ammunition;

- Approximately eight (8) Glock magazines;

- One (1) 50-rounds Glock magazine;

- Approximately five (5) AR-15-type magazines;

- Two (2) black masks;

- One (1) set of black gloves;

- One (1) bullet-resistant tactical vest;

- Tools for altering firearms;

- Multiple MCDs components and firearms parts;

- Two (2) walkie-talkie radios;

- Several containers with marijuana; and

- Three (3) cellphones.

15. The seized items are pictured below. The machineguns are also pictured in Attachment A.





16.     Continuing on the same day, ATF SAs traveled to the PRPB Caguas Precinct to assist the PRPB Caguas Narcotics Unit with the investigation. ATF personnel performed a field test of the three Glock pistols and preliminarily determined that the Glock pistols function as machineguns.

17.     ATF personnel later interviewed GARCIA-NEGRON, who, post-Miranda, stated substantially the following:

  a) He lives at B-30 Florencio Romero Saro Street in Caguas, Puerto Rico;

  b) Everything found at his house is his;

  c) He has a marijuana license, and he smokes marijuana;

  d) He sells each Machinegun Conversion Device (MCD) for $200;

  e) He sells MCDs to anyone who pays for them;

  f) He orders the MCDs from www.alibaba.com;

  g) He has ordered approximately 30-40 MCDs;

6

h) He receives the MCDs at his house;

i) He works on the MCDs to make them look better (he paints and adorns the MCDs).

j) He knows the MCDs make the Glock pistols shoot like a machinegun;

k) He performs a "dry-test" (field test), without shooting, to confirm the MCDs are working properly;

l) He bought the Glocks on the street for $1,000 each, and they already had the MCDs installed; and

m) He bought the "rifles" on the street for $1,500 each.

18. Based on the above facts, the undersigned affiant believes there is probable cause to charge Roberto Gabriel GARCIA-NEGRON with violating the Federal Firearms law, to wit: 18 U.S.C. § 922(o) – Knowing Possession of machineguns.

I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

_____
**Ricardo Jiménez**
Senior Special Agent
Bureau of Alcohol, Tobacco, Firearms & Explosives

**SWORN** pursuant to FRCP 4.1 at 9:38 AM by telephone this 17th day of July 2025, in San Juan, Puerto Rico.

_____
**Marshal D. Morgan**
United States Magistrate Judge
District of Puerto Rico






Attachment A































